UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DIAMOND BEACH OWNERS ASSOCIATION | § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:18–CV–00173 |
| STUART DEAN CO., INC.; FLORIDA GLASS OF TAMPA BAY, INC.; and KAWNEER CO., INC. | § § § § § | |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM AND RECOMMENDATION

Pending before the Court are Plaintiff's Objection to Each Memorandum and Recommendation & Plaintiff's Motion for Leave to Amend Complaint ("Objections"). Dkt. 34. On December 6, 2018, Defendant Kawneer Company, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6), and Brief in Support Thereof (Dkt. 17) and Stuart Dean Co., Inc.'s Rule 12(b)(6) Motion to Dismiss (Dkt. 18) were referred to Magistrate Judge Andrew M. Edison pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. 26. On December 19, 2018, Judge Edison filed a Memorandum and Recommendation (Dkt. 28) recommending that Defendant Kawneer Company, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6), and Brief in Support Thereof be **GRANTED**. On December 21, 2018 Judge Edison filed a Memorandum and Recommendation (Dkt. 29) recommending that Stuart Dean Co., Inc.'s Rule 12(b)(6) Motion to Dismiss be **GRANTED**.

On January 14, 2019, Diamond Beach Owners Association filed its Objections. In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully considered the Objections; the Memorandums and Recommendations; the pleadings; and the summary judgment record. The Court **ACCEPTS** Judge Edison's Memorandums and Recommendations and **ADOPTS** them as the opinion of the Court. It is therefore **ORDERED** that:

(1) Judge Edison's Memorandums and Recommendations (Dkts. 28 & 29) be **APPROVED AND ADOPTED** in their entirety as the holding of the Court;

(2) Defendant Kawneer Company, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6), and Brief in Support Thereof (Dkt. 17) be **GRANTED**; and

(3) Stuart Dean Co., Inc.'s Rule 12(b)(6) Motion to Dismiss (Dkt. 18) be **GRANTED**.

Also pending before the Court are Plaintiff's Objection to Each Memorandum and Recommendation & Plaintiff's Motion for Leave to Amend Complaint ("Plaintiff's Motion for Leave to Amend Complaint") (Dkt. 37)[1] and Plaintiff's Motion for Leave and

---

[1] Dkt. 37 is identical to Dkt. 34. Plaintiff apparently intended to file the same document twice to indicate it was both objecting to Judge Edison's ruling and seeking to amend the First Amended Complaint.

Motion to Extend Time ("Plaintiff's Motion to Extend Time") (Dkt. 38). Both motions are **DENIED**.

In denying Plaintiff's Motion for Leave to Amend Complaint, the Court will offer a brief explanation. Under Local Court Procedure 6(B)(i), parties must participate in a pre-motion conference before filing a 12(b)(6) motion. The entire purpose of the pre-motion conference is to give the parties an opportunity to discuss possible deficiencies in the pleadings and allow the Plaintiff the opportunity to re-plead, if necessary. A pre-motion conference was held in this case on July 12, 2018 and Plaintiff was given the opportunity to amend its complaint by July 23, 2018. Plaintiff filed its First Amended Complaint (Dkt. 16) on July 23, 2018.

This Court fully recognizes that the Fifth Circuit has expressly held that a district court should generally give a plaintiff at least one chance to amend the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Here, the Court has already provided the Plaintiff the opportunity to re-plead. Importantly, the Court granted Plaintiff leave to amend to cure the complaint's lack of specificity, which is the same basis on which Plaintiff now argues it should be allowed to amend the complaint yet again. Because Plaintiff has already been afforded one chance to re-plead, and has provided no good explanation as to

3

why it should be given yet another bite at the apple, the Court will not allow Plaintiff to re-plead yet again.

It is so **ORDERED**.

SIGNED and ENTERED this 17th day of January, 2019.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE